IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BOYD LEWIS**,

        Plaintiff,

v.                                                          No. CIV 05-947 BB/WPL

**JY RANCH, INC., WILLIAM STOVELL, MARILYN STOVELL, CHARLIE LEWIS, CAROLYN LEWIS KNOLL, & DAVID KNOLL,** individually and in their capacities as directors and officers of JY Ranch, Inc.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on its own motion, for resolution of a procedural matter raised by Plaintiff's pleadings. Plaintiff has filed both a complaint (Doc. 1) and an application for an alternate writ of mandamus (Doc. 2). The complaint was served on Defendants and an answer has been filed. There is no certificate of service on the application for writ of mandamus, so the Court cannot determine whether Defendants have been served with that pleading. Plaintiff's request for a writ of mandamus is based on a New Mexico statute authorizing the issuance of such a writ to a corporation. NMSA 1978, § 44-2-4.

Plaintiff maintains he is entitled to issuance of the stock certificates, as well as monetary damages. He now seeks to enforce the stock ownership through the issuance of a writ of mandamus directing the shares be transferred. Defendants deny that Plaintiff is entitled to the shares of stock, and bring a counterclaim for money damages of their own.

Even though not recognized as "mandamus" under federal law, it appears this Court likely has the power to enforce the remedy sought by Plaintiff. *Stern v. South Chester Tube Co.*, 390 U.S. 606 (1968). Whether it should do so on this record is an entirely different matter. *Marquez-Ramos v. Reno*, 69 F.3d 477 (10th Cir. 1995); *Lucchese v. Carboni*, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998).

Even if the Court were to apply the state "mandamus" statute, it does not appear that a mandamus-type remedy is appropriate at this point in the case. "Mandamus lies only to force a clear legal right against one having a clear legal duty to perform an act and where there is no other plain, speedy and adequate remedy in the ordinary course of law." *Brantley Farms v. Carlsbad Irrigation Dist.*, 954 P.2d 763, 769 (N.M. App. 1998). Where there are facts in dispute as to whether a certain action is required, as in this case, mandamus should not issue. *Id.* at 769-70 (mandamus may not be used to adjudicate rights between parties; it is simply method of enforcing an existing right). *Herrmann v. Brooklyn Law School*, 432 F. Supp. 236 (E.D.N.Y. 1976). There are factual questions that must be resolved before it can be determined whether Plaintiff is entitled to issuance of the shares of stock he has requested. *Hertz v. Record Publishing Co. of Erie*, 219 F.2d 397 (3d Cir. 1955) (mandamus can issue unless shareholder's title at issue); *Lunding v. Biocatalyst Resources, Inc.*, 2003 WL 22232831 (N.D. Ill.). In addition, he has an adequate remedy at law, by way of the pending lawsuit, to enforce his rights.[1] For these reasons, issuance of a writ of mandamus would not be appropriate on the present record.

---

[1]To the extent Plaintiff might argue that an emergency situation exists justifying a more speedy resolution of the issue than can be obtained in a normal lawsuit, the Court notes that nothing in the pleadings indicates such a situation exists. Furthermore, the federal rules of procedure provide adequate avenues to pursue immediate relief, should the facts warrant.

Unless Plaintiff applies for injunctive relief, the case will proceed in the same manner as any other civil case in this Court.

**ORDER**

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Plaintiff's application for an alternative writ of mandamus (Doc. 2) be, and hereby is, DENIED.

Dated this 7th day of November, 2005.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**

**For Plaintiff**
Howard Anderson

**For Defendants**
Joel M. Carson